JOSEPH HEILBRONER, Doing Business as ELITE JEWELRY Co., Plaintiff, *v.* AMELIA J. WAGNER, Defendant.

City Court of the City of Middletown, June 5, 1945.

*William B. Markovits* for plaintiff.

*Paul Morreale* for defendant.

FAULKNER, J. Plaintiff brought this action to recover for goods sold and delivered; the defendant asserted an affirmative defense that the transaction was illegal in its inception in that the plaintiff had not complied with the requirements of the General Maximum Price Regulation promulgated under the authority of the Emergency Price Control Act of 1942 (U. S.

Code, tit. 50, Appendix, § 901 *et seq.*). She also interposed another defense, the nature of which requires no consideration since upon this motion she has consented to its withdrawal.

Plaintiff has moved for an order under rule 109 of the Rules of Civil Practice striking out the defense and for judgment on the pleadings because of the defendant's failure to have complied with the requirements of section 255-a of the Civil Practice Act.

From schedule "A" of the complaint, it would appear that the merchandise sold, i.e., jewelry, was to be the subject of resale by the defendant. Plaintiff argues that the defense of illegality, as interposed, can only be availed of when the goods have been bought for use and consumption other than in the course of trade and business. It may be pointed out, in answer to this, that the General Maximum Price Regulation does not at all confine itself to only such commodities but to all commodities and services. (See § 1499.20, subd. (c), thereof where " commodity " is defined and § 1499.20, subd. (p), defining a sale at wholesale.) (7 Fed. Reg. 3153, 3156.)

Sections 1499.2 and 1499.3 of the Regulation establish a maximum price or ceiling for services or a commodity and provide a method of determination of such maximum (7 Fed. Reg. 3153). Under section 1499.1, a seller is prohibited from supplying, and a buyer in the usual course of trade or business, from purchasing any commodity " at a price higher than the maximum price permitted by " the General Maximum Price Regulation. Sections 1499.11 and 1499.12 of such Regulation provide for the keeping of such records as will permit of a determination as to whether the prices charged are within the ceiling (7 Fed. Reg. 3155).

Failure on the part of the seller to show compliance with the provisions of the regulation bars him upon the ground of illegality from enforcing his claim. (*International Spangles Corp.* v. *Marrow Mfg. Corp.*, 294 N. Y. 295.)

Plaintiff's motion to strike out the defense is denied, with $10 costs, as well as that for judgment on the pleadings. If the plaintiff be not permitted to recover until he proves compliance with the regulation certainly he cannot recover because of defendant's failure to comply with section 255-a of the Civil Practice Act.

Defendant's motion for a dismissal of the complaint is likewise denied since it doesn't appear to be a prerequisite to the maintenance of an action that the complaint allege compliance with the regulation. The cases cited by the defendant turned

on the language of the Federal Rent Regulation. Plaintiff's motion for dismissal of the counterclaim for treble damages granted.

Prepare order in accordance with this decision.